J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Annie S. Wang (SBN 243027)
annie@coombspc.com
J. Andrew Coombs, A Prof. Corp.
520 East Wilson Ave., Suite 200
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff
Hoberman Designs, Inc.

Helen's Asian Treasures, LLC
Jeffrey Page
Xiaohong Page a/k/a Helen Page
a/k/a Jade Page a/k/a Xiaohong Carson
a/k/a Helen Carson
▬▬▬▬▬▬▬▬▬▬
Jackson, Tennessee 38305
Telephone: ▬▬▬▬▬▬▬▬

Defendants, *in pro se*

FILED
CLERK U.S. DISTRICT COURT
JAN 15 2016
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 ✓
JS-2/JS-3 _____
Scan Only _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hoberman Designs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Helen's Asian Treasures, LLC; Jeffrey Page; Xiaohong Page a/k/a Helen Page a/k/a Jade Page a/k/a Xiaohong Carson a/k/a Helen Carson; and Does 1 – 10, inclusive, <br><br> Defendants. | Case No. CV15-07505 SVW (JCx) <br><br> [~~PROPOSED~~] PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE |

The Court, having read and considered the Joint Stipulation for Permanent Injunction and Dismissal with Prejudice that has been executed by Plaintiff Hoberman Designs, Inc. ("Plaintiff") and Defendants Helen's Asian Treasures, LLC,

Jeffrey Page and Xiaohong Page a/k/a Helen Page a/k/a Jade Page a/k/a Xiaohong Carson a/k/a Helen Carson (collectively "Defendants"), in this action, and good cause appearing therefore, hereby:

ORDERS that based on the Parties' stipulation and only as to Defendants, their successors, heirs, and assignees, this Injunction shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 *et seq.*, and 28 U.S.C. §§ 1331 and 1338. Service of process was properly made against Defendants.

2) Plaintiff is the owner of all rights in and to the copyright registrations listed in Exhibit A attached hereto and incorporated herein by this reference (collectively referred to herein as "Plaintiff's Properties").

3) Plaintiff has expended considerable resources in the creation and commercial exploitation of Plaintiff's Properties on merchandise and in the enforcement of its intellectual property rights in Plaintiff's Properties.

4) Plaintiff has alleged that Defendants have made unauthorized uses of Plaintiff's Properties or substantially similar likenesses or colorable imitations thereof.

5) Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the injunction are hereby restrained and enjoined from:

    a) Infringing Plaintiff's copyrights and trademarks in Plaintiff's Properties, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling, or offering for sale, any unauthorized product which features any of Plaintiff's Properties ("Unauthorized Products"), and, specifically:

    i) Importing, manufacturing, distributing, advertising, selling, or offering for sale, the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiff's Properties;

    ii) Importing, manufacturing, distributing, advertising, selling, or offering for sale, in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiff's Properties;

    iii) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe, the actions of Defendants, the products sold or offered by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored, approved or licensed by Plaintiff, or are affiliated with Plaintiff; or

    iv) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, selling, offering for sale, or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

6) Each side shall bear its own fees and costs of suit.

7) Except as provided herein, all claims alleged in the Complaint against Defendants are dismissed with prejudice.

8) This Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

9) The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendants.

10) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

11) The above-captioned action, shall, upon filing by Plaintiff of the Joint Stipulation re Entry of [Proposed] Judgment, [Proposed] Final Judgment and requesting entry of judgment against Defendants, be reopened should Defendants default under the terms of the Settlement Agreement.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

12) This Court shall retain jurisdiction over Defendants for the purpose of making further orders necessary or proper for the construction or modification of this permanent injunction and judgment, the enforcement hereof, the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

IT IS SO ORDERED.

Dated: 1/15/16

_____
Hon. Stephen V. Wilson
United States District Judge

PRESENTED BY:

J. Andrew Coombs,
A Professional Corporation

By: /s/ Annie S. Wang
    J. Andrew Coombs
    Annie S. Wang
Attorneys for Plaintiff Hoberman Designs, Inc.

Helen's Asian Treasures, LLC

By: _____
    Jeffrey Page
Defendant, *in pro se*

Jeffrey Page

By: _____
    Jeffrey Page
Defendant, *in pro se*

Xiaohong Page a/k/a Helen Page
a/k/a Jade Page a/k/a Xiaohong Carson
a/k/a Helen Carson

By: Xiaohong H. Page
    Helen Page
Defendant, *in pro se*

**EXHIBIT A**

# EXHIBIT A

## HOBERMAN COPYRIGHTED DESIGNS

| Copyright Registration | Title of Work (Character) |
|---|---|
| VA 1-424-411 | BRAIN TWIST |
| VA 1-424-410 | SWITCH PITCH |
| VA 1-416-467 | SWITH-PITCH BOY |
| VA 1-056-333 | EXPANDAGON |
| VA 1-089-675 | MEGA SPHERE |
| VA 1-056-334 | TWIDDLESTIX |
| VA 932-828 | MINI SPHERE |
| VA 932-829 | HOBERMAN SPHERE |
| VA 1-024-051 | FLIGHT RING |
| VA 1-128-298 | DISCOVER DOME |
| VAu 534-146 | STAR |
| VAu 534-143 | MICRO SPHERE |
| VA 1-224-963 | TRANSFORMING SPHERE WITH CENTRAL MODULE |
| VA 1-225-001 | FLIP OUT TRANFORMING OCTAHEDRON |
| VA 1-225-000 | MINI FLIP OUT TRANSFORMING ICOSAHEDRON |
| VA 1-225-002 | TWISTO TRANSFORMING SPHERE |